# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FAWN RITTENHOUSE,** | : | **CIVIL ACTION** |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| **MICHAEL ASTRUE,** | : | |
| *Commissioner of Social Security*, | : | |
| *Defendant.* | : | No. 10-4223 |

## O R D E R

**AND NOW**, this 18th day of May, 2011, upon independent review of Plaintiff Fawn Rittenhouse's Brief and Statement of Issues in Support of Request for Review (Docket No. 5), Commissioner's Response to the Request for Review (Docket No. 9), Ms. Rittenhouse's Reply to the Response (Docket No. 10), and the administrative record, and after careful consideration of the Report & Recommendation ("R & R") of U.S. Magistrate Judge Thomas Reuter (Docket No. 11), the Commissioner's Objections thereto (Docket No. 12) and Ms. Rittenhouse's Response to those Objections (Docket No. 13), it is hereby **ORDERED** that:

1. Magistrate Judge Reuter's R & R is **APPROVED** and **ADOPTED**;

2. The Commissioner's Objections thereto are **OVERRULED**;[1]

---

[1] The Commissioner argues that the R & R should be rejected because it (1) "erroneously suggests that Global Assessment of Functioning (GAF) scores are definitive evidence of disability"; and (2) relies upon a flawed interpretation of *Fargnoli v. Massanari*, 247 F.3d 34 (3d Cir. 2001).
     In fact, the R & R does not suggest that GAF scores are "definitive evidence of disability." Rather, the R & R states that the Administrative Law Judge ("ALJ") erred in discounting the opinion of Ms. Rittenhouse's psychiatrist and therapist based upon a mistaken interpretation of the GAF score that Ms. Rittenhouse had been assigned. The R & R concludes that "the ALJ in this instance based his decision to give less than controlling weight to the opinions of Dr. Serota and Ms. Blum on a mistake of fact" – namely, a flawed reading of Ms. Rittenhouse's GAF score of 50, which the DSM-IV describes as indicative of "serious" symptoms (and not, *contra* the ALJ, "moderate" symptoms). This Court agrees with Magistrate Judge Reuter's conclusion that this significant mistake of fact – which seems to have led the ALJ to unreasonably discount the opinions of the psychiatrist and therapist – warrants remand.
     The Commissioner also argues that the R & R relied upon an incorrect interpretation of *Fargnoli* "to arrive at its incorrect assertion that the Commissioner employed *post hoc* rationalizations to

3. Plaintiff's Request for Review is **GRANTED**, and the decision of the Commissioner of the Social Security Administration is **REVERSED** to the extent that the matter is **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with U.S. Magistrate Judge Thomas Rueter's Report & Recommendation.

4. Judgment is entered in favor of Ms. Rittenhouse, reversing the decision of the Commissioner for the purpose of this remand only. The Clerk of the Court shall mark this case **CLOSED** for all purposes, including statistics.

BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

support the ALJ's decision." In fact, the R & R properly relied upon *Farignoli* to support its conclusion that a court cannot affirm a flawed ALJ decision by providing new arguments in support of that decision (such as, in this case, its own independent justification for discounting the assessments of Dr. Serota and Ms. Blum), where these new arguments did not actually ground the ALJ decision itself.